UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY HARTNESS, et al.,

                Plaintiffs,                             Civil Action No.
                                                06-CV-1031

vs.

                                                 HON. BERNARD A. FRIEDMAN

MISSISSIPPI STATE
PORT AUTHORITY, et al.,

                Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT and DENYING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

        This matter is presently before the court on (1) the motion of defendant Dole Food Company, Inc. ("Dole") for summary judgment [docket entry 43]; (2) the motion of defendant Chiquita Fresh North America, LLC ("Chiquita") for summary judgment [docket entry 44]; (3) the motion of defendant Crowley Liner Services, Inc. ("Crowley") for summary judgment [docket entry 48]; and (4) plaintiffs' motion for voluntary dismissal of the complaint [docket entry 219 in Civil Action No. 06-658]. As the court does not believe oral argument is necessary, it shall decide these motions on the briefs.

        This is one of several cases filed in this district in which plaintiffs allege that defendants negligently failed to secure their property at the Port at Gulfport and that, as a result, defendants' property, including shipping containers and the contents thereof, were blown around during Hurricane Katrina, thereby causing damage to plaintiffs' property. In the present case, plaintiffs Gary and Donna Hartness allege that defendants' negligence caused damage to their

property at 158 Richards Avenue in Gulfport, Mississippi.  *See* Complaint ¶¶ 34-39.

Defendant Dole seeks summary judgment on the grounds that "plaintiffs have been specifically asked but can produce no evidence that anything Dole did or failed to do was in any way a cause of their damage."  Dole's Mem. at 4.  Defendant Chiquita similarly argues that "[p]laintiffs have had ample time and opportunity to come forward with evidence to support their claim against Chiquita, but have repeatedly failed to do so."  Chiquita's Mem. at 3.  Defendant Crowley's motion is more involved but also boils down to the argument that plaintiffs have "no evidence that Crowley's containers or equipment proximately caused any damages to Plaintiffs' property."  Crowley's Mem. at 22.

Plaintiffs have not responded to any of defendants' summary judgment motions, and the time for them to do so has expired.

Dole, Chiquita and Crowley are clearly entitled to summary judgment.  Under Fed. R. Civ. P. 56(e),

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

By failing to respond to defendants' summary judgment motions, plaintiffs have failed to meet their burden under Rule 56(e) to demonstrate the existence of any genuine issues for trial.  Under these circumstances, a trial would serve no purpose.  The court shall grant summary judgment for Dole, Chiquita and Crowley.

As noted above, plaintiffs have moved to voluntarily dismiss their complaint  without

prejudice.  Motions for voluntary dismissal are governed by Fed. R. Civ. P. 41(a)(2), which states:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Fifth Circuit has quoted with approval the following statement of the rule's purpose:

> The purpose of Rule 41(a)(2) giving the district court discretion with regard to a dismissal is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.  Accordingly, courts have followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.  It is not a bar to a court-granted dismissal under Rule 41(a)(2) that the plaintiff may obtain some tactical advantage thereby.

*Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990), *quoting* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 (1970) (internal quotation marks omitted).  The court in *Manshack* indicated that a defendant does not suffer "plain legal prejudice" merely because the lawsuit may be refiled.  Rather, such prejudice requires something more – e.g., that defendant has incurred "excessive litigation costs" or that defendant has obtained a favorable ruling regarding an important defense.  *See id.*  In other words, "faced with a Rule 41(a)(2) motion, the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.  If not, it should generally, absent some evidence of abuse by the movant, grant the motion."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  In evaluating the prejudice to defendant, the court should consider the defendant's effort and expense in preparing for trial, whether plaintiff has shown a lack of diligence in prosecuting the action, plaintiff's explanation for seeking voluntary dismissal, and whether defendant has filed a dispositive motion.  *See id.* at 317

3

n.3.

While the court has permitted the plaintiffs in a number of the other "container cases" to voluntarily dismiss their complaints, the present case is different. Unlike the other cases, plaintiffs' motion in the present case offers no explanation for seeking voluntary dismissal. In fact, the "motion" consists only of the following single sentence: "Comes now the Plaintiffs, GARY HARTNESS AND DONNA HARTNESS, and voluntarily dismiss their claims WITHOUT PREJUDICE in the above styled cause." In reply to defendants' responses vigorously opposing plaintiffs' motion, plaintiffs say only that they "do not wish to prosecute this action further based on the amount of time it required from them." Pltfs' Response to Defendant Crowley's Response ¶ 2. This explanation does not justify the requested relief.

Moreover, all three of the remaining defendants have filed summary judgment motions. They have invested a substantial amount of time, money and effort defending against plaintiffs' claims. The discovery period has been open since early July 2007. Under these circumstances, it is simply too late in the day for plaintiffs to seek voluntary dismissal without prejudice. Plaintiffs' motion is denied.

For the reasons stated above,

IT IS ORDERED that defendant Dole's motion for summary judgment [docket entry 43] is granted.

IT IS FURTHER ORDERED that defendant Chiquita's motion for summary judgment [docket entry 44] is granted.

4

IT IS FURTHER ORDERED that defendant Crowley's motion for summary judgment [docket entry 48] is granted.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss the complaint without prejudice [docket entry 219 in Civil Action No. 06-658] is denied.


___s/ Bernard A. Friedman_____
Dated: January 4, 2008                    BERNARD A. FRIEDMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE
                                          SITTING BY SPECIAL DESIGNATION